UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALEX PENLAND,
Plaintiff,

Case No. 1:13-cv-553

vs

Barrett, J.
Litkovitz, M.J.

AEGIS SECURITY INS. CO., et al.,
Defendants.

REPORT AND
RECOMMENDATION

Plaintiff, who resides in Cincinnati, Ohio, commenced this action by filing a motion for leave to proceed *in forma pauperis* in connection with a *pro se* civil complaint. The original complaint has since been supplanted by an amended complaint, which plaintiff filed once as a matter of course in accordance with Fed. R. Civ. P. 15(a). (*See* Doc. 1). *See also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (and First, Seventh, Fifth, Eighth, Fourth and Eleventh Circuit cases cited therein). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the amended complaint to determine whether the pleading, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff brings this action for damages and declaratory relief against Aegis Security Insurance Co. (Aegis); Blue Stone, Inc. (Blue Stone); Blue Stone employee, Michael Jankowski; Frost Brown Todd, LLC (FBT), and attorney Christopher J. Dutton. (*See* Doc. 1, Amended Complaint). Plaintiff alleges that Aegis is a Pennsylvania corporation; Blue Stone is a Wisconsin corporation; Michael Jankowski is a Wisconsin resident; FBT is an Ohio corporation; and Christopher J. Dutton is a resident of Cincinnati, Ohio. (*Id.*, pp. 1, 5-6).

As factual background, plaintiff alleges that Aegis issued a bond "in connection with A.R. Environmental Inc. hereinafter referred to as (AREI) construction lump sum contract with the city of Dayton, Ohio to guarantee performance and payment in accordance with the contract specifications in the event that AREI failed to perform, or failed to make payment as required under the terms and conditions of the Contract Bond." (*Id.*, p. 2). Plaintiff further alleges that "AREI became insolvent and failed to complete the contract" with the City of Dayton. (*Id.*). Plaintiff states that he was employed by AREI, earning a salary of $1,500 per week, and that AREI failed to pay him $36,000 for work he performed on the construction project. (*Id.*, pp. 2-3). It appears from documents attached to the amended complaint that plaintiff was the president of AREI. (*See id.*, "Proof of Claim Form"). Plaintiff states that he filed a claim with Blue Stone, Aegis's "authorized agent," to recover monies owed to him, but that he was informed by Jankowski that he was not "an eligible claimant under the payment bond in question." (*See id.*,

3

p. 3). Plaintiff then filed a lawsuit against Aegis in the Montgomery County, Ohio, Common Pleas Court. (*Id.*). Defendant Christopher Dutton of the FBT law firm represented Aegis in that proceeding. (*See id.*). Plaintiff claims that Dutton, in concert with the other named defendants, "knowingly misrepresent[ed] facts, and commit[ted] a fraudulent act in court documents," which ultimately resulted in the dismissal of the state-court action. (*See id.*).

Plaintiff brings claims sounding in negligence, tortious acts in concert, fraud, tortious interference with contract, intentional infliction of emotional distress, breach of contract, and breach of fiduciary duty against the defendants. (*See id.*, pp. 11-14). Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1367 to entertain this action. (*Id.*, p. 4). However, the undersigned concludes that plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this Court has subject matter jurisdiction.

First, to the extent plaintiff seeks to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the amended complaint reveals that such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, the plaintiff and two of the named defendants, FBT and Christopher Dutton, are domiciled in Ohio. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts

4

showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In this case, plaintiff has not claimed, nor can the undersigned discern from the facts alleged in the amended complaint, that any federal statutory or constitutional provision applies to give rise to an actionable claim for relief. Plaintiff brings this action against private business enterprises and individuals, not a public governmental entity or employee. Therefore, he is unable to prevail on any argument that he has stated an actionable claim for relief under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001) (citing *Bivens*, 403 U.S. at 395-97); *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001) (and cases cited therein); *see also Hines v. Langhenry*, 462 F. App'x 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

Finally, pendent jurisdiction under 28 U.S.C. § 1367 should not be exercised to consider the state-law claims that are alleged in the amended complaint because plaintiff has failed to state a viable federal claim. *See United States Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x 382, 384-85 (6th Cir. 2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well.").

Accordingly, in sum, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).[1]

---

[1] Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. June 22, 1999). The dismissal is no bar to refiling the suit in state court.

5

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/16/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALEX PENLAND,
    Plaintiff,

vs

AEGIS SECURITY INS. CO., et al.,
    Defendants.

Case No. 1:13-cv-553

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

cbc